ENTERED ON DOCKET
R. 55

FEB -5 2010

BY_____ LW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
FEB - 5 2010
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By_____

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:99CR127-1 |
| v. | ) | |
| | ) | |
| FREDERICK WILLIAM FARRINGTON | ) | |

## JUDGMENT AND COMMITMENT
## SUPERVISED RELEASE VIOLATION

On January 8, 2010, a hearing was held on a charge that the defendant had violated the terms and conditions of supervised release as set out in the Modification for Substance Abuse Testing entered March 11, 2008 and the Judgment entered June 2, 2000, copies of which are attached hereto and incorporated by reference into this Judgment and Commitment.

The defendant was represented by Michael Patrick, Attorney.

The defendant was found to have willfully violated valid terms and conditions of his supervised release.

**IT IS ORDERED** that the defendant's supervised release be revoked.

**IT IS ORDERED** that the defendant be committed to the custody of the Bureau of Prisons for imprisonment for a period of twenty-four (24) months. **IT IS FURTHER ORDERED** that no additional supervision shall be imposed as to this defendant. The defendant is remanded to the custody of the United States Marshal.

This, the 3 day of February, 2010.

_____
United States District Judge

AO 245B (NCMD Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Middle District of North Carolina

ENTERED ON DOCKET
R. 55
JUN 2 2000
BY _____

UNITED STATES OF AMERICA

v.

FREDERICK WILLIAM FARRINGTON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:99CR127-1

Defendant's Attorney: Michael W. Patrick

FILED JUN - 2 2000 IN THE U.S. District Court Greensboro, N.C. By _____

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s) 1 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:922 (g) (1) & 924 (a) (2) | Possess firearm in commerce after felony conviction. | 01/10/99 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN:
Defendant's DOB:
Defendant's USM #:
Defendant's Residence Address:

Defendant's Mailing Address:
(if different from residence address)

May 23, 2000
Date of Imposition of Judgment

*Signature of Judicial Officer*

James A. Beaty, Jr., United States District Judge
Name & Title of Judicial Officer

June 2, 2000
Date

DEFENDANT: FREDERICK WILLIAM FARRINGTON
CASE NUMBER: 1:99CR127-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **116 months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY US MARSHAL

DEFENDANT: FREDERICK WILLIAM FARRINGTON
CASE NUMBER: 1:99CR127-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation office;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: FREDERICK WILLIAM FARRINGTON
CASE NUMBER: 1:99CR127-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages and/or any controlled substances unless he has a prescription from a licensed medical provider.

DEFENDANT: FREDERICK WILLIAM FARRINGTON
CASE NUMBER: 1:99CR127-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement: $

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

### RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| Totals: | | $ | $ |

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: FREDERICK WILLIAM FARRINGTON
CASE NUMBER: 1:99CR127-1

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payments of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, E, or F); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the US probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment; or

F ☐ In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $ _____ to begin _____ days after the commencement of the term of supervised release and to continue during the entire term of supervised release.

The court will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

If the defendant is unable to pay the special assessment immediately, it may be paid through the Inmate Financial Responsibility Program. The defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution (18 U.S.C. § 3664(k)).

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

DEFENDANT: FREDERICK WILLIAM FARRINGTON
CASE NUMBER: 1:99CR127-1

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except:

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 27 |
| Criminal History Category: | IV |
| Imprisonment Range: | 100 to 120 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $ 12,500 to $ 150,000 |

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $

☐ Restitution is not ordered, because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered, because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

PROB 12B
10/03

UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

FILED
MAR 11 2008
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By _____

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
(Probation Form 49, Waiver of Hearing Is Attached)

Name of Offender: FREDERICK WILLIAM FARRINGTON  Case Number: 1:99CR127-1

Name of Sentencing Judicial Officer: The Honorable James A. Beaty, Jr.

Date of Original Sentence: May 23, 2000

Original Offense: Possess Firearm in Commerce after Felony Conviction in violation of 18 U.S.C. §§ 922(g)(1) & 924 (a)(2).

Original Sentence: 116 months custody of the Bureau of Prisons followed by 3 years of supervised release.

Type of Supervision: Supervised Release  Date Supervision Commenced: January 11, 2008
Date Supervision Expires: January 10, 2011

Assistant U.S. Attorney: Angela H. Miller  Defense Attorney: Michael W. Patrick

---

PETITIONING THE COURT

[ ] To extend the term of supervision for _____ years, for a total term of _____ years.
[X] To modify the conditions of supervision as follows:

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

CAUSE

The defendant has a documented history of illicit drug use. The aforementioned modification of the special condition is recommended in order to allow for continued drug testing beyond the termination of any substance abuse treatment and to assist in the monitoring of the defendant's compliance with the statute which prohibits illicit drug use while under supervision.

Re: FREDERICK WILLIAM FARRINGTON                                                PAGE 2

Respectfully submitted,

*Jesse J. Reaves, Jr.*
U.S. Probation Officer

Approved by:

*Desdemona Faison*
Supervising U.S. Probation Officer

Date: 3/3/08

---

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

Date: 3/7/08

JJR/jjr

PROB 49
03/01

# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina
## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel" I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision.

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

Witness: _____  Signed: _____
Jesse J. Reaves, Jr.                  Frederick Farrington
U.S. Probation Officer                Probationer/Releasee

1/14/08
Date